IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:13-00154-02

AARON O. GAMBLE

## MEMORANDUM OPINION AND ORDER

In Bluefield, on August 28, 2019, came the defendant, Aaron O. Gamble, in person and by counsel, Wayne L. Evans; came the United States by Timothy Boggess, Assistant United States Attorney; and came United States Probation Officer Amy Richmond, for a hearing on the petition to revoke the defendant's term of probation.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of probation, filed on June 14, 2019. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of probation could be revoked. Whereupon the defendant admitted the charges contained in the petition. The court found the charges were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range set forth at USSG 7B1.4 for the revocation of probation upon such grounds was 18 to 24 months.

The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. 18 U.S.C. § 3565(a)(2) provides that if a defendant violates a condition of probation, the court may "resentence the defendant under Subchapter A." Therefore, "the sentencing court retains broad discretion to revoke a defendant's probation and impose a term of imprisonment up to the statutory maximum" United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007). The guideline range applicable to defendant at his original sentencing was 57 to 71 months and his maximum statutory term of imprisonment was twenty years. Neither party objected to the Guideline range and statutory penalty as determined by the court. The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED,** pursuant to the Sentencing Reform Act of 1984, that the defendant's term of probation be revoked, and he is to be incarcerated for a term of twenty-four (24) months. The court recommended that defendant be evaluated for his medical ailments while incarcerated and that he be incarcerated at a facility where he can receive treatment for his medical issues, including

2

a leg problem.  Upon completion of his term of incarceration, the defendant will serve a term of supervised release of thirty-six (36) months.  While on supervised release, defendant shall not commit another federal, state or local crime, and shall be subject to the Standard Conditions of Supervision adopted by the Southern District of West Virginia in its Local Rule of Criminal Procedure 32.3.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant.  The court further concluded that the sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

The defendant was informed of his right to appeal the court's findings and the revocation of his probation.  The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days.  The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on

appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 10th day of September, 2019.

ENTER:

_David A. Faber_
David A. Faber
Senior United States District Judge