```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

**v.**                                    CRIMINAL NO. 1:13-00154-02

**AARON O. GAMBLE**

<u>MEMORANDUM OPINION AND ORDER</u>

In Charleston, on April 18, 2023, came the defendant, in person and by counsel, E. Ward Morgan; came the United States by Andrew Isabell, Assistant United States Attorney; and came Senior United States Probation Officer M. Dylan Shaffer, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violation contained in the petition to revoke the term of supervised release, filed on November 4, 2021.  The court found that the defendant had received written notice of the alleged violation as contained in the petition and that the evidence against the defendant had been disclosed.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked. Defendant did not contest that the government could prove the allegation as set forth in the petition by a preponderance of the evidence.  Whereupon the court found that the charge was established by a preponderance of the evidence.

The court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was 18 to 24 months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of 24 months.  Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence the defendant without updating the presentence investigation report.

After giving counsel for both parties and the defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and that he be incarcerated for a period of twenty-four (24) months.  The court recommended that defendant be incarcerated at FCI Beckley.  Upon completion of his term of incarceration, the defendant will not be subject to any further supervision by the United States Probation Office.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C.

§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant.  The court further concluded that the sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

The defendant was informed of his right to appeal.  The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days.  The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

It is **SO ORDERED** this 19th day of April, 2023.

        ENTER:

        *David A. Faber*

        David A. Faber
        Senior United States District Judge